```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON
```

JERRY ROGERS,                      )
                                   )
    Plaintiff,                     )   Civil Case No. 12-CV-327-JMH
                                   )
v.                                 )
                                   )
WARDEN GARY BECKSTROM and          )   **MEMORANDUM OPINION**
WARDEN STEVE HANEY,                )       **AND ORDER**
                                   )
    Defendants.                    )

                  ****    ****    ****    ****

Jerry Rogers is a prisoner incarcerated at the Eastern Kentucky Correctional Facility in West Liberty, Kentucky. On October 25, 2012, Rogers filed a complaint against Gary Beckstrom, Warden of the Eastern Kentucky Correctional Complex ("EKCC"), and Steve Haney, Warden of the Northpoint Training Center ("NTC"). [R. 1] The Court has granted Rogers's motion to pay the $350 filing fee in installments pursuant to 28 U.S.C. § 1915 by prior order. [R. 3] This matter is before the Court to conduct the screening required by 28 U.S.C. §§ 1915(e)(2)(B), 1915A, and to address several motions filed by the plaintiff.

In his complaint, Rogers alleged that on September 8, 2012, while incarcerated at NTC, a "hate crime" was committed against him "because of his crime that he may or may not have committed" "by a gang of inmates which had committed three other hate crimes against Mr. Rogers within the last few months at NTC & Warden Haney nor his entire staff has done nothing to rectify the situation." [R. 1,

p.2] Rogers subsequently clarified that the "hate crime" committed against him was the theft of several of his possessions, which staff indicated they could not prevent because the security cameras in the prison were not working. [R. 6, p. 1; R. 6-1, pp. 1-5]

For relief, Rogers seeks compensation for items stolen from him, including items he purchased from the commissary, his Timberland boots, and his RCA television[1] [R. 1, p. 3] although he also indicates he suffered emotional injury as well. [R. 6, p. 2] While Rogers named both warden Haney and EKCC warden Beckstrom as defendants, he states that Beckstrom "is only a defendant because he is petitioner's custodian and not liable for the actions & non-actions in the complaint." [R. 6, p. 3 (emphasis in original)] Rogers contends that the defendants violated the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States, as well as numerous provisions of the Kentucky Constitution. [R. 1, p. 1]

Along with his complaint, Rogers filed a "Certification of Funds Deposited in Prisoner's Inmate Account" which was signed by a prison official and provided information regarding deposits into Rogers's inmate account. [R. 2] Although Rogers did not file a formal motion regarding the filing fee, the Court construed the filing of this document as an implicit request to proceed *in forma pauperis*, and granted his motion "to pay the filing fee in

---

[1] A November 1, 2012, letter from staff at EKCC indicates that there was merely a delay in transferring his television to NTC once Rogers was transferred to that facility. [R. 6-1, p. 6]

installments." [R. 3] The Court also ordered Rogers to file an amended complaint which clarified the nature of his claims sufficiently to satisfy Federal Rule of Civil Procedure 8, which he has done. [R. 6]

Before addressing the merits of his claims, the Court considers four motions filed by Rogers: a motion to proceed *in forma pauperis* [R. 4]; a "Statement of Fact" contending that he filed a "general complaint" for which no filing fee is due rather than a civil rights complaint [R. 6]; a "Supplimentation [*sic*] of Statement" asking the Court to dismiss his complaint without prejudice if it cannot be construed as a "general complaint" because he cannot afford to pay a filing fee [R. 7]; and a "Motion for Stay Request" to prevent the prison from deducting any part of the filing fee pending resolution of his motions. [R. 8]

The Court must deny Rogers's motions regarding the filing fee. Before the Prison Litigation Reform Act was passed in 1996, a plaintiff could ask the Court to permit him to proceed "*in forma pauperis*," meaning without having to pay all or part of the filing fee. But under the PLRA:

> Pauper status for inmates, as we previously knew it, no longer exists. While incarcerated, all prisoners must now pay the required filing fees and costs. 28 U.S.C. §§ 1915(b)(1)(2), 1915(f)(2). When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs.

*McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). Thus, when a prisoner files a motion on a court-created form to proceed

"*in forma pauperis*," the Court refers to such a motion as one to pay the filing fee in installments to make clear that the prisoner must pay the entire $350. Because the Court has already granted Rogers all of the relief that it can under 28 U.S.C. § 1915, his motion to proceed *in forma pauperis* [R. 4] must be denied as moot.

Nor can the Court grant relief on the ground that Rogers only filed a "general complaint," a species of complaint that Rogers believes - incorrectly - can be filed without incurring a filing fee. No such distinction exists. A $350 filing fee is due on all documents initiating a civil action filed in federal district court excepting only a petition for a writ of habeas corpus. 28 U.S.C. § 1914. Even if such a thing as a "general complaint" did exist, Rogers did not file one. Rogers explicitly indicated that the defendants, both persons employed by the state, violated his rights under the federal Constitution. Such claims necessarily fall within the scope of claims filed in a civil rights complaint pursuant to 42 U.S.C. § 1983. The Court must therefore deny relief under Rogers's "Statement of Fact" [R. 6] as well.

Finally, the Court cannot waive payment of the filing fee at this juncture. "Section 1915(b)(1) compels the payment of the respective fees at the moment the complaint or notice of appeal is filed[,]" and "[e]ven a voluntary dismissal of a complaint or an appeal does not eliminate a prisoner's obligation to pay the required filing fees." *McGore*, 114 F.3d at 607. Because the Court lacks the authority to relieve Rogers of his obligation to pay the

filing fee, the relief he seeks under his "Supplimentation [sic] of Statement" [R. 7] must be denied. Having ruled upon each of Rogers's motions with respect to the filing fee, the Court will deny his "Motion for Stay Request" [R. 8] as moot.

Because Rogers has been granted permission to pay the filing fee in installments and asserts claims against government officials, the Court conducts a preliminary review of his complaint. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Because the plaintiff is not represented by an attorney, the complaint is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts Rogers's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious, (b) fails to state a claim upon which relief can be granted, or (c) seeks monetary damages from defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint fails to state a claim unless its sets forth sufficient factual matter which, if accepted as true, would allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged; it is not enough to allege facts that are "merely consistent with" a defendant's liability. *Ashcroft v. Iqbal*, 552 U.S. 662, 678

(2009).

As noted above, Rogers has indicated that he named EKCC warden Beckstrom only "because he is petitioner's custodian" and concedes that he is "<u>not</u> liable for the actions & non-actions in the complaint." [R. 6, p. 3 (emphasis in original)] The Court will therefore dismiss the claims against Warden Beckstrom with prejudice.

The Court will also dismiss the federal constitutional claims against NTC Warden Haney with prejudice for failure to state a claim. In his complaint, Rogers contends that Haney failed to take adequate measures to protect him from the theft of his personal property from his cell, [R. 1, p. 2] namely because Haney "has been informed that the security camera system did not work when the other incidents took place but he never rectified the situation." [R. 6, p.2]

Rogers's allegation - that Haney's negligence contributed to the loss of his personal property - fails to state a constitutional claim. The Fourteenth Amendment does not protect against all of the State's deprivations of life, liberty, or property. *Parratt v. Taylor*, 451 U.S. 527, 537 (1981). The Constitution protects against only the loss of life, liberty, or property that occur "without due process of law." If an inmate is *intentionally* deprived of his property, due process is afforded if the state provides an adequate post-deprivation remedy. But if the inmate's loss of property is the result of only negligence, there is no

"deprivation" at all, and the Due Process Clause is not even implicated. *Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"); *see also Carlton v. Jondreau*, 76 F. App'x 642 (6th Cir. 2003).

The Court has dismissed all of the plaintiff's federal constitutional claims which supply its original jurisdiction pursuant to 28 U.S.C. § 1343(a)(3). Remaining for consideration are Rogers's claims asserted under various provisions of the Kentucky Constitution over which the Court possesses only supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). However, where, as here, "all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-1255 (6th Cir. 1996); *see also* 28 U.S.C. § 1367(c)(3). In light of the early stage of these proceedings and in the interest of affording due comity to the courts of the Commonwealth of Kentucky, the Court declines to exercise supplemental jurisdiction over pendent state law claims, which shall be dismissed without prejudice.

Accordingly, **IT IS ORDERED** that:

1. Rogers's motion to proceed *in forma pauperis* [R. 4] is **DENIED AS MOOT.**

2. Rogers's "Statement of Fact" [R. 6] is **DENIED.**

3. Rogers's "Supplimentation [*sic*] of Statement" [R. 7] is **DENIED.**

4. Rogers's "Motion for Stay Request" [R. 8] is **DENIED AS MOOT.**

5. Claims arising under the federal Constitution in the plaintiff's complaint [R. 1] are **DISMISSED WITH PREJUDICE**; claims arising under the Kentucky Constitution are **DISMISSED WITHOUT PREJUDICE.**

6. The Court will enter an appropriate judgment.

7. This matter is **STRICKEN** from the active docket.

This the 14th day of November, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge